UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEITH T. BROOKINS,

       Plaintiff,

v.                                             Case No. 05-10097-BC
                                             Hon. Thomas L. Ludington

UNITED AUTOMOBILE, AEROSPACE
AND AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA LOCAL 455
and MINSOR POWERTRAIN SYSTEMS,
L.L.C.,

       Defendants.
_____/

## ORDER DISMISSING CASE WITH PREJUDICE
## AND DENYING DEFENDANTS' MOTION TO STRIKE
## PLAINTIFF'S DECLARATION REGARDING NON-ECONOMIC DAMAGES

On April 1, 2005, Plaintiff Keith Brookins filed suit against Defendants United Automobile, Aerospace and Agricultural Implement Workers of America Local 455, and Minsor Powertrain Systems, L.L.C.. Plaintiff later filed a corrected amended complaint on September 21, 2006. Plaintiff alleged breach of a collective bargaining agreement, retaliatory termination for pursuing a worker's compensation claim, and a violation of the Family and Medical Leave Act. 5 U.S.C. §§ 6831 *et seq.*; 29 U.S.C. §§ 2611 *et seq.*

On March 12, 2007, the Court held a status conference and, pursuant to the discussions at the conference, ordered Plaintiff to prepare an affidavit or declaration regarding non-economic damages by April 6, 2007. On April 5, 2007, Plaintiff filed a document signed only by Plaintiff's counsel and not by Plaintiff. Plaintiff's counsel attested to the lack of healthcare benefits for Plaintiff, which allegedly causes concern for Plaintiff and his family; Plaintiff's humiliation,

embarassment, anxiety, emotional distress, and depression over not being to provide for his family; the distress of possible collection actions over unpaid medical bills; and the anxiety and embarassment of constantly looking for work. Plaintiff's counsel also added additional claims for damages, including attorney fees and punitive damages.

On April 26, 2007, the Court again ordered Plaintiff to file an affidavit or declaration by May 10, 2007, on penalty of dismissal. On May 11, 2007, a day later than the date required by Court order, Plaintiff filed a document signed by the notary public, rather than himself, that attests to the truth of his earlier filing.

An affidavit, by definition, is a voluntary recitation of facts, sworn to by the *declarant*, before an official authorized to administer oaths. Here, Plaintiff has only provided the statement of his counsel and the attestation of the notary public herself, rather his own statement. Moreover, Plaintiff failed to comply with the Court's order by providing any affidavit by May 10, 2007.

Federal Rule of Civil Procedure 16(f), through Federal Rule of Civil Procedure 37(b)(2)(C), permits courts the authority to sanction a party with dismissal for failing to obey a pretrial order. The Court has twice ordered Plaintiff to provide an affidavit regarding his alleged non-economic damages. The Court further warned Plaintiff of the penalty of dismissal for non-compliance. Yet Plaintiff has failed to timely file an affidavit regarding non-economic damages.

Accordingly, it is **ORDERED** that Plaintiff's case is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that Defendants' motion to strike Plaintiff's declaration regarding non-economic damages [dkt #44] is **DENIED** as moot.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: May 14, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 14, 2007.

                                           s/Tracy A. Jacobs
                                           TRACY A. JACOBS